I'm going to reserve most of my time for the rebuttal because I don't think my opening argument is going to be very long. The TSA in this case came to the conclusion and based upon the index to the administrative record that was submitted, was ordered by the court and submitted to the court, indicated that they did not consider any of the facts whatsoever underlying the indictment in this case and they came to the conclusion that conspiracy to launder money was a disqualifying fact allowing them to take away Mr. Concepcion's license even though money laundering was not one of the disqualifying acts. Is that true? Did they take away his license? They only prevented him from exercising his ATP rights in aircraft over 12,500 pounds. Effectively putting him out of business. Well he would have been able to fly a lot of other airplanes. He's a commercial pilot. This is how he makes a living. This is what he's done for 40 years. I guess my point is they didn't take his license away from him, did they? Effectively they did. Did they actually remove his license from his wallet? No. Did they prevent him from engaging in his employment which he's been involved in for the past 40 years? Yes, that's what they did. The government in its answering brief avoids entirely the issue as to whether or not... Yeah, the government's brief, I'm speaking only for myself, is basically non-responsive to the issue in the case. Exactly. Because the agency's decision was that the undisputed fact of this conviction was a disqualifying conviction under the statute and the regulations. And that's either correct or incorrect or adequately explained or not adequately explained. My question to you is this. TSA asked for a remand for an opportunity to explain its decision more fully. Why shouldn't we do that? Okay, well first of all that was asked a year and a half ago. Right, I know that. And I'm asking you now what is wrong with that as a resolution of this case because there is no real explanation. It's a little ambiguous as to what crime they thought was involved and if we can't tell exactly what they said or what they meant, we can't review it. So why shouldn't we remand it? Well, first of all, from Mr. Concepcion's point of view, it's now been two years that he hasn't... I understand that you're frustrated by the delay. Could you answer the merits of my question though? Why shouldn't we send it back for an explanation so we know exactly what they're Before we make, you know, spin off all kinds of interesting theoretical discussions. Okay. The response to that question is, first of all, they had an opportunity originally to do that. Second of all, the prosecutor in the criminal case and the judge had already made a determination that this gentleman wasn't a security risk at the time of... They have a different job. I understand. I would really appreciate an answer to the question because there's a principle of administrative law that if a decision is inadequately explained or we don't fully understand it or it's ambiguous or incomplete in some way, that we're supposed to remand it so that the agency will explain its decision in a way that can be reviewed on the merits. And other than the frustration with delay, I really would like your answer to why that isn't what we ought to do here. The only response I can give to that is the one that I've already given and that we opposed when they originally wanted to do that is the fact that they had an opportunity to make the right decision. They took an approach, completely ignored our brief as to why he should not be disqualified. But you agreed... Okay, the TSA applied the categorical approach and you agree that that's the correct approach to apply, right? That should be the correct approach. Right, but then they... Well, they didn't take the... They took a categorical approach, that's correct. Below, I mean, the actual TSA did. Now, the government in its briefing has abandoned that and that's a whole other story. Exactly. That below, TSA did a categorical approach. Correct. And you agree that categorical approach is correct, but it seems like they did it on the wrong statute and on the wrong assumption of what he was convicted about. That is also true. Maybe. It's difficult to tell. But it seems... Well, they cite the wrong statute. So, and they refer generally to the crime of money laundering and seem to have some idea of what the crime of money laundering is without regard to the specific statutes of conviction, right? Correct. So, your argument is that we shouldn't remand because they did what they should have done, but they did it incorrectly and we should tell them the correct approach, right? Well, what I'm saying is they completely misinterpreted the statute by finding money laundering to be a disqualifying act when clearly it's not. Well, let me ask you this. Is taking money that you know is derived from an illegal source an honest act? Well, under the case law that we cited under the Goldenstein case, it's not dishonest. No, it isn't. It's not a disqualifying... It's not a dishonest act. It depends on whether you're talking to regular people or lawyers because it seems to me that in the common parlance, it's not an honest act. Well, but under the law, there's case law in the Court of Appeals that, and we've cited the case, that it's not considered a dishonest act. What's the... The point of the matter is he took the money, deposited it in the bank, and the only thing he did wrong was that he deposited... It was a sum greater than $10,000. What's the purpose of the statute that forbids certain privileges to people who have been convicted of a very, very long list of disparate crimes? What's the purpose that Congress was trying to achieve? Well, I'm sure in this case, Congress was trying to protect airports and security. Right, and so doesn't that purpose... Isn't TSA in interpreting that statute allowed to take into account the broad purpose that Congress had in protecting airports and finding things that might or might not be technically dishonest crimes for, let's say, Rule 609 purposes, but why can't they have a broader view of dishonesty for this purpose? Well, they may, and I think they have to look into the underlying facts, but in this case, they didn't look at the underlying facts. That's contradictory to what you said a minute ago, which is that they ought to apply a categorical approach, and now you're saying, no, they need to look at the underlying facts, and those are different. No, we always have taken the position that they should look at the underlying facts, and we've presented the underlying facts to them, and they ignored them. Wait, do you mean the underlying facts, or do you mean the statute of conviction? In this case, they just looked at the facts of the conviction, and that's all they looked at. Which is the categorical approach, they said, and that is an undisputed fact, the crime of conviction is an undisputed fact. Correct. The only thing that argument that I can make about referring it back to the agency is the fact that there has been this time lapse. He suffered greatly. We presented mitigating facts at the beginning of the case, and they ignored them. In part, you did oppose the motion to remand, as you say, a year and a half ago. Had you agreed with that, it would have gone back a long time ago, and you wouldn't have had the delay, so I'm not sure how much we ought to keep going back to that. The reason I opposed it was the fact that they took the position that conspiracy to commit money laundering in and of itself without looking at the underlying facts. I thought it was a legal question, and this court could decide that question as well as the DSA. That's why we opposed it. I'll wait for my rebuttal. Sure, you may do that. Good morning, Your Honors. My name is Joshua Waldman. I'm here from the Department of Justice representing the respondent, TSA. Judge Graber, I'd just like to start with your point, if I could. As you know, we did move for a voluntary remand. We would be happy to have that remedy if you thought that was appropriate, but I would like to say that under State Farm and related precedents, even an agency decision of less than ideal clarity can be upheld if the agency's path can be reasonably discerned, and I think it can in this case. I think we have to start with the proposition that the word we're interpreting is dishonesty, and I think that when you look at the ordinary dictionary definition of the term dishonesty, along with the statutory context and purpose, the legislative history, and the fact that we're dealing with a common carrier here and a position of unique public trust, the agency's view is dishonesty includes a lack of integrity or a lack of trustworthiness, and we think that the conviction in this case shows exactly that. Who's supposed to decide that, the court or the agency? The agency is. And so I don't see how you can say that the agency decided that here. They didn't actually go through the categorical approach. Well, in fact, it's an interesting part of this case. I don't think that the categorical approach applies in this case. Why? Well, number one is, first of all, that's not what the agency did. Yes, it is. I'm looking at page one of the administrative record. It says TSA has determined that you are not eligible to serve as a flight crew member under the TFSSP. Conspiracy to launder money is a crime of dishonesty, fraud, or misrepresentation under, and then it cites the code sections. That sounds like a categorical decision, saying to this person, you have been convicted of a crime. That crime is a crime of dishonesty. End of story. Well, Your Honor, if I can respectfully disagree, the beginning of that sentence says, after reviewing the preliminary determination of ineligibility and the immediate suspension letter, the appeal request, which included all of his arguments and the supporting documents that he included. Right. But all that says is, we read your stuff. We thought about it because you asked us to think about it. There were also legal arguments in that material that said why, as counsel has argued, there's a very, very narrow view of a crime of dishonesty that should prevail. So I think, you know, anyway, I just have a hard time reading that as not a categorical. Well, let me tell you why I think it's not. Maybe you will be persuaded by it, maybe not. It tells us that. In fact, it was totally inexplicable to me that your brief is so contrary to the decision you're defending. I mean, the TSA took the categorical, a categorical approach. It applied it to an incorrect statute. It didn't apply it to the statute of which he was convicted. And so you come back and you say, well, generally, and here are the facts and whatever, and you're making all these arguments, but we are confined to the decision that the TSA made and the reasons it gave for that. I think you'd be lucky to get a remand in this case because, frankly, I think under the categorical approach, a federal court judge is equipped to determine whether a crime involves an element of dishonesty as any agency. If it's a federal crime, that's our job. Your Honor, I would respectfully disagree with many aspects of that. One is I think this is a decision that was given to the agency in this context, which has unique expertise in security. When Congress delegated this authority to the TSA, they specifically amended the statute to add this language and include other provisions that I think would not be for this court to decide, including, if I can quote directly from the statute, the undersecretary may specify other factors that are sufficient to prohibit the employment of an individual. That is a very broad delegation to the secretary. Let me just interrupt for one second to ask you about something. I think that part of what you're arguing is that the statute permits a non-categorical approach, permits a broader look at what happened. And that may or may not be true, but it appears to me that the agency in this particular instance chose to rest on the fact of conviction because the preliminary determination says you've been convicted of this conspiracy under 1956H, which is correct, that is the conviction, and that this conviction is a potentially disqualifying offense. And then it cites the regs. And then they ultimately say, well, we've read your materials, but we still think it's a disqualifying offense. So regardless of whether the agency could have looked at factual materials, it appears not to have decided on that ground in this case. Well, I would say, first of all, I think when you're asking what basis the agency decided on, what you need to look at is the final order and not the preliminary. Right, and it said we've read everything and we still think what we thought originally, which is that this is a disqualifying offense. Right, and one of the things that the agency considered, said it considered, and was submitted by the petitioner was the plea agreement. Now, I think one thing that everyone understands is the so-called categorical approach does not look at the plea agreement. That's not what a categorical approach is. No, that's wrong. You look at the elements of the conviction to which he pled. So you have to say what did he plead to? What was the crime? You know, you can be charged with all sorts of things, but what did he plead guilty to? I think we're saying the same thing, Your Honor, which is that's what you would do in a categorical approach. But the agency here looked at the plea agreement. He asked us to look at the plea agreement, and if everyone agrees that you ought to be looking at the plea agreement, that's agreeing. TSA doesn't say that. It said we've reviewed everything you sent us, which is a way of saying we've given due process to you. We've read everything you sent, and here's our decision. And the fact that they've read everything that he sent, I mean, suppose he sent, you know, letters of good character or whatever. Whatever they want to submit, they can submit, but that doesn't mean it's the basis for the TSA's decision. Right. I suppose they could have been a little bit clearer by saying after considering instead of after reviewing, or we considered all of these things. I suppose that's true, and, Your Honor, if you'd like to remand so that the agency can be a little bit more clear about which documents it considered instead of just reviewed or which it relied on, we're happy to do that. The agency, well, there are now at least two ambiguities in the decision. One is, is it categorical or not? And the second is, if it's categorical, did they specifically look not only at the conspiracy conviction, which is the conviction, but also the conspiracy to do what and the correct what? Right. And now you're saying it's unclear also whether they applied a categorical approach, and if they didn't, they need to explain what their statutory authority is to go beyond it. I think what I'm saying, Your Honor, is that I think it can be reasonably discerned from the record that they didn't apply a categorical approach. That's what we say in our brief. But I don't want to resist too strongly the idea that the agency can say these things more clearly, and that's why I filed the motion for a voluntary remand, because I thought the agency could express itself more clearly, and we'd be happy to have the opportunity to do that. Does the agency understand that it's supposed to apply a categorical approach to the statute of conviction? The agency believes that it's not bound by applying the categorical approach that's, say, applied in the ACCA. Because of the text of the statute that you were describing. Yes, and also because I think the statute, many of the reasons why a categorical approach apply in some contexts don't necessarily translate to this context. So what I just want to understand in your argument is that the statute said one thing, and then the TSA issues regulations pursuant to that statute, right? That's right. And when they're interpreting their own regulations, they still would need to apply the categorical approach to look at the elements of the statute to see what constitutes the crime of conviction. But they're free to construe their own definition of dishonesty. No, I don't think that's, if I'm understanding you correctly, I don't think that's the agency's view. What the agency's view is, when you're looking at what a crime of dishonesty is, and you're looking at the conviction that the person was subject to, you are entitled to look at more than just the elements of the offense alone in order to determine whether it is a crime of dishonesty. That you can also look to the facts, and in this case, the facts that were admitted in the plea agreement. Well, if that's the case, the agency has failed to explain the statutory text and regulatory text on which it's relying to make the determination that it can go beyond the categorical. That seems like, I mean, the agency has two options. One is to say, regardless of our authority, we're not going to worry about that because this crime is a crime of dishonesty, period. That's our view, and you've been convicted, and we're done. Or it can go down the other path, but if it does, it didn't explain itself at all. Well, Your Honor, I understand your view. I do think that the agency made a reasonable effort here to explain that it was looking at all of the documents. In fact, one of the things that happened here is the petitioner wrote to TSA and said, would you show me, would you send me the documents that you're considering? And among them were, for example, the indictment that we sent back to him, and I think that we made it clear that we were looking at all of the facts surrounding it and not merely the elements of the offense. But, again, if Your Honor, if you don't think that that's sufficiently clear under the State Farm Standard, we're perfectly happy, as we were a year and a half ago, to ask for a remand to be more clear. And if the petitioner thinks it's insufficient at that time, he can take it up on a petition for review again. It's been interesting to have some briefing or some understanding of, you know, in every other context that we deal with indictments, when we're determining whether a crime is, you know, say a crime of dishonesty, we don't look at the indictment alone because maybe the government can't prove all those things that they charged. So we look at what was pled to or what he was convicted of in combination with the indictment. And we think in this case that the plea agreement itself is enough of a basis to say that it's a crime of dishonesty. What was admitted to in the plea agreement is that he was paid for private jet services in large amounts of cash, knowing that he was... You're using the factual basis of the plea agreement, not just what crime he pled to. Well, I guess I certainly think that that makes it a much easier case because it shows an abuse of the pilot's position to ferry around criminals and be paid in criminal proceeds knowing that it's derived, not just guessing or thinking, but knowing that he's being paid up to $400,000 in cash to ferry around people and being paid with criminal proceeds. And TSA's view is that shows dishonesty. Now, if you don't think that that's clear enough in the record, I understand. I myself thought it could have been clear in the record, and that's why I asked for the voluntary review. What's not clear at all is why the TSA thinks it doesn't have to adhere to the categorical approach when, you know, everybody else has to. Well, I don't know about everybody else. But it hasn't been briefed clearly enough. It hasn't been explained. Well, as I tried to explain in our brief, things like that undergird the categorical approach in the ACCA context, like the rule of lenity and the Sixth Amendment provisions, don't apply in this civil context. There's also a concern in those categorical approaches about depriving someone of the benefits of their plea agreement, which is not a concern here because the plea agreement expressly said that there could be a revocation of a professional license as a result. And there's no difficulty, as there are in other categorical approach cases, of age documents, which happens when someone has a conviction long ago and now there's a sentencing consequence decades later. Here, there's ongoing reporting requirements so that the... Well, it's similar. In a way, it's similar to the immigration context, which is also civil and in which the agency also has a lot of discretion and powers. But the Supreme Court has held that, you know, DHS and... Are you part... You're not part of the DHS, are you? No, I'm from the Department of Justice. No, not you. Oh, TSA? Yes, TSA is within DHS. Because the Supreme Court has held that, you know, when DHS is doing this analysis in the immigration context, which is civil... Right, I mean... ...has to apply the categorical approach. Well, as I understand it, you're relying on the statutory text that says the undersecretary may specify other factors sufficient to prohibit the employment of an individual and that one of those factors, in your view, is the actual facts of the crime. Yes, I... But that has... I mean, that's an interesting argument, but it hasn't been fleshed out. It certainly isn't explained by the agency. Well, Your Honor, it's not the ground that we relied on in this final order, but it's one that we would ask the court to leave open as an alternative basis on a remand. And we think that that's something that clearly... Any other court ever ruled on that? On that ground? That question that... Not that I know of, Your Honor. But it's commonplace that even if you find an agency hasn't sufficiently explained this decision or you don't otherwise uphold it, that you would remand the matter back to the agency and give them an opportunity. If they can't come up with a sufficient basis, then that's the end of the matter. And if they come up with an alternative ground, there can be a new petition review and it's going to be before you again. But normally you leave those things open on remand to the agency. Thank you, Counsel. Can I ask just a couple of questions? Yes. I'm happy to answer them, Your Honor. Yes. What is the consequence to the individual pilot of the decision that you've made? Does it deprive him of his opportunity to fly? Well, it's not like his FAA license is revoked. He could, for example, if he's got his own plane, I think he can fly on his own plane. This is a 12-5 program about aircraft where I think the takeoff weight doesn't exceed 12,500 pounds. So that was all that this was about. Now, if he applied or wanted eligibility for other programs, would he be ineligible under them? I think likely that there may be similar disqualifications. Okay. So let me follow up then with a question. Is that because of security reasons? Is that why that 12-5 standard was imposed for security reasons? Yes, Your Honor. When this particular statute was revised, I think it was in 2000, and they added the language about just there was a whole bunch of other crimes at that point, but they added dishonesty and they added the specify other factors language and they added the indicates of propensity for placing contraband on board. What Congress said over and over again is when we handed a list of statutory crimes, there were a lot of gaps and people getting eligibility, even though they were convicted of very serious crimes, people that you wouldn't want to trust. And they said what we want to do is make sure that we're not leaving those gaps in place for security reasons. And one of the reasons why they have these two provisions, which are both very broad, almost catch-all provisions, is they wanted to make sure that TSA had the broadest authority possible to make sure untrustworthy people were not given these unescorted access to secure areas. So it's a security issue. Absolutely it's a security issue. Mr. Dent, is the TSA, have they or do they intend to report Mr. Concepcion to the FAA under CFR 14, CFR 61.18 because he has a security disqualification? Your Honor, I wish I could answer that question for you, but I don't know the answer to that. My understanding is that the FAA was aware of this conviction, but I don't know whether they intended to do anything or whether they were waiting to see what happened here. I honestly don't know the answer to that question. That provision of the CFR says that TSA can do it. And I gather, to your knowledge, TSA has never said to the FAA that Mr. Concepcion is a security risk. To my knowledge, no, Your Honor. I don't know that. Thank you, Counsel. Mr. Sherman, you have some time remaining. As Your Honor has pointed out, that's the absurdity kind of of their decision because either he's a security risk or he isn't. He still has his license and he still flies in to airports. So saying that he's a security risk and the reason that they did this, it's inconsistent with the rest of the activity of the rest of the federal government because he's still flying planes. Again, we objected to the remand because they took an approach that said this was a categorical approach and we thought that the court could decide this question as well as the TSA. I would ask that if the court does remand it, that it vacate the order and allow him to earn a living while this case is proceeding because it could take months or years further before there's ultimately a decision in this case. And lastly, another reason we went against the idea of sending it back because we don't really trust the TSA agency that they're going to go back and then just create another reason to deny and come up with the same kind of decision. Thank you, Counsel. The case just argued is submitted and we appreciate the arguments presented by both Counsel.
judges: Molloy, Graber, Wardlaw